UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MEAGHAN LABEAU, a/k/a, MEAGHAN LEBEAU<br><br>Defendant. | 3:25-CR-30105-ECS<br><br><br>ORDER DENYING MOTION TO SEVER DEFENDANTS AND FOR SEPARATE TRIALS |

Meaghan Labeau a/k/a Meaghan Lebeau ("Lebeau") moves to sever her trial from her two co-defendants, James Reese and Wambli Meeter.[1] She contends that she will be severely prejudiced by a joint trial because the jury may ascribe the quantity of drugs, dealt by Reese and Meeter, to her.[2] The government resists, asserting that (1) Lebeau's charge arises out of the same activity as Reese and Meeter; (2) she has failed to show severe and compelling prejudice; and (3) the preference in favor of trying co-

---

[1] Dkt. Nos. 73; 74, 83
[2] Dkt. Nos. 74 at 3, 83 at 2.

1

conspirators together has not been overcome.[3] Because the requisite prejudice—to sever the trial—is lacking, motion must be denied.

## BACKGROUND

A federal grand jury indicted Reese, Meeter, and Lebeau for drug offenses.[4] Reese and Meeter are jointly charged in one count with conspiracy to distribute 500 grams or more of methamphetamine.[5] Lebeau, in another count, is separately charged with conspiracy to distribute only 50 grams or more of methamphetamine.[6] All three are scheduled to be tried together this fall.[7]

## DISCUSSION

### A. Joinder

If an indictment charges two or more defendants "to have participated in ... the same series of acts or transactions, constituting an offense" then joinder is proper.[8] "It is not necessary that all defendants be charged in each count."[9] "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common

---

[3] *See* Dkt. No. 79.
[4] Dkt. No. 1.
[5] *Id.* (Count I).
[6] *Id.* (Count II).
[7] Dkt. No. 81.
[8] Fed. R. Crim. P. 8(b).
[9] *United States v. Liveoak*, 377 F.3d 859, 864 (8th Cir. 2004).

2

plan or a [ ] scheme."[10] The "prerequisites for joinder are liberally construed in favor of joinder."[11] "There is a preference in the federal system for joint trials of defendants who are indicted together."[12] "[W]hen an indictment charges the defendants with involvement in a single common [drug] conspiracy, joinder of those defendants ... is proper."[13]

Lebeau's indicted conduct is alleged to be part of a collaborative plot, with Reese and Meeter, to pick up and then to distribute methamphetamine on the Cheyenne River Indian reservation.[14] Because the underlying conduct is part of a common scheme, and given the preference for co-conspirators to be tried together, Lebeau is properly joined.

## B. Prejudice and Severance

But that does not end things. A court may still grant separate trials if the joinder "appears to prejudice a defendant[.]"[15] The prejudice necessary for severance must, however, "be severe or compelling."[16] "The defendant carries a heavy burden in making

---

[10] *United States v. Condon*, 2014 WL 6694782, at *2 (D.S.D. Nov. 26, 2014) (quoting *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012)).

[11] *United States v. Sierra*, 2020 WL 2125450, at *8 (D.S.D. May 5, 2020), (quoting *United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013)), *aff'd*, 94 F.4th 721 (8th Cir. 2024).

[12] *United States v. Watkins*, 66 F.4th 1179, 1186 (8th Cir. 2023) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).

[13] *United States v. Davis*, 882 F.2d 1334, 1340 (8th Cir. 1989).

[14] Dkt. No. 79 at 2, 5.

[15] Fed. R. Crim. P. 14(a).

[16] *United States v. Guardado*, 2023 WL 346215, at *1 (D.S.D. Jan. 20, 2023) (quoting *United States v. George*, 548 F. Supp. 2d 713, 720 (D.S.D. 2008)).

this showing."[17] "A joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome."[18] "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts."[19] "Rarely, if ever, will it be improper for co-conspirators to be tried together."[20]

To warrant severance, "a defendant must show real prejudice, that is, something more than the mere fact that [s]he would have had a better chance for acquittal had [s]he been tried separately."[21] "[The] defendant can demonstrate real prejudice to h[er] right to a fair trial by showing (a) h[er] defense is irreconcilable with that of h[er] co-defendant[s] or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants."[22]

Lebeau cannot meet this standard. With the burden of proof favoring the prosecution, Lebeau has not shown either instance where severance would be necessary. She does not allege her defense is irreconcilable with that of Reese and Meeter; hence, that severance ground is waived. Nor does she contend that a jury will

---

[17] *United States v. Casteel*, 663 F.3d 1013, 1018 (8th Cir. 2011) (quoting *United States v. Payton*, 636 F.3d 1027, 1037 (8th Cir. 2011)).
[18] *United States v. Ladeaux*, 2022 WL 4119768, at *2 (D.S.D. Sept. 9, 2022) (quotations omitted).
[19] *Id.*
[20] *Id.*
[21] *United States v. Bennett*, 765 F.3d 887, 898 (8th Cir. 2014) (quotations omitted).
[22] *Id.*

4

be unable to compartmentalize the evidence against Reese, Meeter, and herself.[23]

Instead, Lebeau claims prejudice based on the disparity in the amount of methamphetamine each of them supposedly distributed. Both Reese and Meeter are charged with distributing at or north of 500 grams; Lebeau only 50 grams or more. Lebeau says a jury would likely attribute the whole battery of controlled substances to all three.[24] This would prejudice her, Lebeau maintains, because she is charged with the smaller amount. Lebeau also points out that Reese and Meeter's charges carry higher mandatory minimum sentences (because of their greater drug quantities) and that the jury may impute all or some amounts to her.[25]

Lebeau's claim is thwarted by precedent in this district, which makes clear that "[m]ere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant."[26] Lebeau has made no such showing. She argues that the amount of narcotics admitted at trial against Reese and Meeter could increase her potential sentence. But the jury will not decide what penalty to impose, only her guilt. And any risk of prejudice can be addressed through limiting instructions requiring that

---

[23] Dkt. Nos. 74 at 2, 83 at 2.
[24] *Id.*
[25] Dkt. Nos. 74 at 2–3; 83 at 2.
[26] *United States v. Ladeaux*, 2022 WL 4119768, at *2 (D.S.D. Sept. 9, 2022).

the guilt of all three be decided solely on the evidence that applies to them and that separate consideration of the evidence be given to each one.[27] Severance is thus neither called for nor needed.

## CONCLUSION

Joinder is proper because Lebeau, Reese, and Meeter's charges arise out of the same acts or transactions, and because of the strong judicial preference for co-conspirators to be tried together. Lebeau's claims of prejudice are not sufficient to meet her burden and warrant severance, particularly with a lesser restrictive alternative—limiting instructions—available as an elixir.

## ORDER

Based on the legal analysis and authorities discussed, and the record now before the Court, it is

ORDERED that Lebeau's motion for severance,[28] is denied.

## NOTICE

A party may seek reconsideration of this order before a district judge upon a showing that the order is "clearly erroneous or contrary to law."[29] The parties have 14 days after service of the order to file written objections unless an extension of time for

---

[27] *United States v. Benedict*, 855 F.3d 880, 885 (8th Cir. 2017).
[28] Dkt. No. 73.
[29] 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

good cause is obtained.[30] Failure to file timely objections will result in the waiver of a

party's right to appeal questions of fact.[31] Objections must be specific to trigger review.[32]

DATED this 8th day of May, 2026.

BY THE COURT:

MARK A. MORENO

UNITED STATES MAGISTRATE JUDGE

---

[30] *See* Fed. R. Civ. P. 72(a).

[31] *Id.*

[32] *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).